IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ROBIN M. CLARK-TILLEY, | ) | |
| AIS #226029, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:09-CV-522-ID |
| | ) | |
| CYNTHIA WHEELER-WHITE, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus

relief filed by Robin M. Clark-Tilley ["Clark-Tilley"], a state inmate, on June 2, 2009.  In

this petition, Clark-Tilley challenges the amount of time-served credit granted to her by

the Circuit Court of Houston County, Alabama on sentences imposed for several

convictions of second degree possession of a forged instrument and second degree

forgery.  Specifically, Clark-Tilley seeks additional time-served credit on all sentences for

(i) time on bond in cases 07-650 and 07-1211, (ii) 3 years time served on sentences in

cases 05-302 thru 05-396 and 05-796 thru 05-805, (iii) 6 weeks spent on community

corrections on prior cases, and (iv) time served in jail.

In their supplemental answer filed on September 16, 2009, the respondents assert

1

that Clark-Tilley has failed to properly exhaust state remedies with respect to the claims now pending before this court.  Specifically, the respondents maintain that "[u]nder Alabama law a petition for a writ of habeas corpus is the proper method by which to test whether the State has correctly calculated the time an inmate must serve in prison." *Respondents' Supplemental Answer - Court Doc. No. 16* at 3.  The respondents further assert that such a petition "must be presented to the nearest [state] circuit court." *Id*. at 4. Thus, Clark-Tilley may present her claims seeking additional time-served credit in a state habeas petition before the Circuit Court of Jefferson County, Alabama.  In addition, any adverse decision on these claims may be appealed to the appropriate state appellate court.

Upon review of the respondents' supplemental answer, the court entered an order affording Clark-Tilley an opportunity to demonstrate why her petition should not be dismissed for failure to exhaust her state remedies.  *Order of September 17, 2009 - Court Doc. No. 17*.  Clark-Tilley has filed nothing in response to this order.

## II.  DISCUSSION

The law directs that a petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the [convicting] State ..." 28 U.S.C. § 2254(1)(b)(1)(A).  "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State ... if he has the right under the law of the State

2

to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). It is undisputed that Clark-Tilley has not yet exhausted her available state court remedies with respect to each of the claims presented in the instant petition for habeas corpus relief. This court does not deem it appropriate to rule on the merits of the petitioner's claims without first requiring that she exhaust available state remedies. 28 U.S.C. § 2254(1)(b)(2). Moreover, it does not appear that a stay of this case is warranted pending the outcome of the state court collateral proceeding as there is nothing before this court which indicates the requisite "good cause for the petitioner's failure to exhaust [her] claims first in state court." *Rhines v. Weber*, 544 U.S. 269, 277, 125 S.Ct. 1528, 1535 (2005).

In light of the foregoing, the Magistrate Judge concludes that the instant petition for habeas corpus relief should be dismissed without prejudice so that Clark-Tilley can pursue those state court remedies which remain available to her.

## III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by Robin M. Clark-Tilley be denied and that the petition be dismissed without prejudice to afford the petitioner an opportunity to exhaust all available state court remedies. It is further

ORDERED that on or before October 20, 2009, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the

3

Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 7th day of October, 2009.


/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE

4